IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EMILIE DEAN BENTLEY,<br><br>Plaintiff,<br><br>v.<br><br>SHEILA SRIVASTAVA; CHRIS HARDING; RYAN SULLIVAN; and SAMMY BATARSEH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00927-JNP-DPB<br><br>Chief District Judge Jill N. Parrish |

In February 2026, Defendants Sheila Srivastava, Chris Harding, Ryan Sullivan, and Sammy Batarseh moved to dismiss Plaintiff Emilie Dean Bentley's amended complaint. ECF Nos. 48, 49, 52. Magistrate Judge Pead recommended dismissing the amended complaint with prejudice. ECF No. 57. For the following reasons, the court ADOPTS his Report and Recommendation and dismisses Plaintiff's complaint with prejudice.

## BACKGROUND

On October 17, 2025, Plaintiff filed her original complaint against Defendants in their official and individual capacities. ECF No. 1. After Judge Pead dismissed the complaint on January 20, 2026, Plaintiff filed an amended complaint on January 22, 2026. ECF Nos. 44, 45. Similar to the original complaint, the amended complaint "seeks equitable and declaratory relief to restrain the continued issuance of bills, notices, and enforcement communications derived from county records that do not conform to recorded land instruments." ECF No. 45 at 1.

Plaintiff's complaint details that Plaintiff at some point began to receive property tax notices issued under a "non-conforming owner name," among other allegedly incorrect identifying information. *Id.* It is not entirely clear from the complaint what exactly was "non-conforming" in the notices, but it appears that Plaintiff took umbrage with her name being fully capitalized. *See* ECF No. 57 at 6 n.29; ECF No. 45-2.

Plaintiff proceeded to "correct the public records" by recording certain deeds and sending written notice to certain government offices. ECF No. 45 at 1, 3. Despite these attempts, Plaintiff alleges that Defendants "continue to use non-conforming owner names" and other information, "resulting in defective notice, recurring penalties, and ongoing enforcement pressure." *Id.* at 1. As a result, and "to avoid compounding penalties and enforcement consequences, Plaintiff has been compelled to tender payments under protest." *Id.* at 6. Plaintiff alleges that Defendants' actions violate her constitutional right to due process. *Id.* at 8.

On April 6, 2026, Judge Pead recommending granting Defendants' motions to dismiss. He found that Plaintiff's § 1983 claim failed because (1) Plaintiff did not establish that each Defendant is individually liable based on personal involvement with an alleged constitutional violation; (2) Plaintiff did not state a claim for an alleged constitutional violation or show she has a protected interest in the use of her preferred "identifiers"; and (3) Plaintiff failed to allege municipal liability for her official-capacity claims. ECF No. 57 at 4. Finally, given her failure to cure previously identified deficiencies in her complaint, Judge Pead recommended that providing further opportunity to amend would be futile. *Id.* at 8.

On review here, Plaintiff objects, asking the court to reject Judge Pead's Report and Recommendation, to deny Defendants' motions to dismiss, or, alternatively, to grant leave to amend. ECF No. 58 at 6; ECF No. 59.

## DISCUSSION

Rule 12(b)(6) provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

Under 28 U.S.C. § 636(b)(1)(C), the court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." Plaintiff raises five objections to Judge Pead's recommendation to dismiss her complaint with prejudice.

First, she argues broadly that the complaint states a plausible procedural due process claim. She argues that "[b]ecause the challenged conduct arises from the use of official land and assessment records to impose and enforce financial obligations, it directly implicates protected property interests and falls within the scope of procedural due process protections." ECF No. 58 at 2.

Second, she argues the Report and Recommendation failed to account for "the systemic and continuing nature of the alleged conduct," which "renews the injury with each billing and enforcement cycle." *Id.* at 3. Third, Plaintiff argues the Report and Recommendation improperly assumed that actual receipt of notice cures any defects and did not consider whether that notice was reasonably calculated to apprise interested parties and afford a meaningful opportunity to respond. *Id.* She asserts that "the use of records known to be non-conforming undermines the validity of those actions at their foundation." *Id.* at 4.

Fourth, Plaintiff argues that the complaint adequately pleads an ongoing injury and the inadequacy of legal remedies, justifying the need for equitable relief. *Id.* at 4–5. Fifth and finally, Plaintiff asserts that if the court finds dismissal is warranted, dismissal with prejudice is unwarranted at the pleading stage. *Id.* at 5.

Each of these objections fail. Here, Plaintiff has not plausibly shown she has a constitutional interest or right protected by the Fourteenth Amendment in notices that use her preferred identifying information as established by certain deed filings. She cites to no case law to support that proposition. Moreover, even assuming there is such a constitutional right, Plaintiff has not plausibly alleged that Defendants violated the right. "[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). Plaintiff's claim appears to be primarily based on the fact that Defendants sent her notices that contained a fully capitalized version of her name. Courts, however, have resoundingly rejected the argument that differences in capitalization of a person's name are legally significant in this context. *See Bendeck v. U.S. Bank Nat'l Ass'n*, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) ("[N]umerous courts rightly have rejected the argument that 'differences in capitalization of a person's name create separate legal entities.'"). She therefore has not adequately plead any injury that can support a procedural due process claim.

The court also agrees with Judge Pead's recommendation to dismiss the complaint with prejudice. Plaintiff was provided with an opportunity to amend her complaint to put it on firmer footing. However, she failed to address many of the deficiencies identified by Judge Pead, and the

court finds that providing her an additional opportunity would be futile, given the content of her original and amended complaint.

**CONCLUSION AND ORDER**

IT IS THEREFORE ORDERED that the Report and Recommendation is **ACCEPTED AND ADOPTED**. ECF No. 57. The court **GRANTS** Defendants' motions to dismiss and **DISMISSES** the amended complaint. ECF Nos. 48, 49, 52. The court also **DENIES AS MOOT** Plaintiff's motion for in camera review and conditional sealing of specific confidential materials. ECF No. 47. Finally, the court **DENIES** Plaintiff's motion for reconsideration of the court's prior order adopting another Report and Recommendation. ECF No. 63.

Signed August 18, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge